# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **Alexandria J. Bryant,** | ) | |
| | ) | |
| *Plaintiff*, | ) | **CAFN:** _____ |
| | ) | |
| **v.** | ) | |
| | ) | |
| **United States Secret Service;** | ) | |
| **Department of Homeland Security;** | ) | |
| **JAMES M. ELLISON in** | ) | |
| **his Official Capacities,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| *Defendants.* | ) | |
| | ) | |
| _____ | ) | |

## MOTION FOR TEMPORARY RESTRAINING ORDER [TRO]

**COMES NOW**, Plaintiff, Alexandria J. Bryant ("Ms. Bryant"), by and through her counsel, Mario B. Williams, files this Complaint for Declaratory Judgment; Injunctive; and TRO Relief against United States Secret Service; Department of Homeland Security; and James E. Ellison, in his Official Capacity.

Ms. Bryant requests that this Court:

1. Declare that Defendants' unilateral extension of Plaintiff's EEO investigation is unlawful under the facts of this case, pursuant to, inter alia, 29 C.F.R. § 1614.108(e);

2. Declare that Ms. Bryant has an immediate right to file a civil action regarding her claims made in her complaint before the EEO;

3. Declare that all finding made after the date--May 16, 2025—that Ms. Bryant declined to extend the subject 180-day investigative period are null and void, and that all conduct undertook after that day shall be stricken from the agency record and not used in any capacity;

4. Grant a TRO restoring the status quo to the "last peaceable uncontested status existing between the parties before the dispute developed," which would be May 16, 2025, when Ms. Bryan declined to extend the 180-day investigative period;

5. Award attorneys' fees and costs under applicable statutes; and

6. Grant such other and further relief as the Court deems just and proper.

## INTRODUCTION

This all started because Ms. Bryant advocated for the right of a female colleague, who lost her two children to still birth—to nevertheless have the right to maternity time to care for her two dead children and herself after such a traumatic event. Defendant Secret Service has unlawfully discriminated against Ms. Bryant in too many ways to count ever since, violating all sorts of statutory and constitutional rights of Ms. Bryant. As a result, she filed an EEO Charge, and the violation of her rights with respect to that process is why Ms. Bryant has filed this Complaint for

equitable relief—to ensure her statutory and constitutional right to access courts in furtherance of her quest for justice.

Ms. Bryant, a Special Agent of the United States Secret Service, brings this action for declaratory and injunctive relief to remedy Defendants' flagrant violations of federal law. Under 29 C.F.R. § 1614.108(e), Defendants were obliged to complete Plaintiff's EEO investigation within 180 days or obtain her informed, written consent to extend, yet they unilaterally extended the investigation—despite the fact that Ms. Bryant exercised her right to deny the extension and thus invoke her right to file a civil suit in federal court. (Compare Ex. 1, with Ex. 2, with Ex. 3.)

On top of Defendants violating the regulatory provisions that govern Ms. Bryant's complaint, Defendant Secret Service also denied Plaintiff's pregnancy-related lactation accommodations, revoked her law-enforcement status, locked her out of agency systems, and suspended her pay and security clearance in retaliation for asserting her rights. But again, Ms. Bryan is here for equitable relief only to protect her right to access courts.

Immediate judicial intervention is required to compel compliance with the regulatory deadlines, restore Plaintiff's benefits and status, and prevent further irreparable harm.

**ARGUMENT AND CITATION TO AUTHROITIES**

Because Plaintiff violated clearly established regulation and law, a TRO should be issued, until an immediate hearing can be held with respect to whether a temporary injunction should be issued. <u>Doe v. Bondi</u>, Civil Action No. 1:25-cv-01998-VMC, 2025 U.S. Dist. LEXIS 99150, at \*17 (N.D. Ga. May 2, 2025).

**I.        <u>Temporary Restraining Order (TRO)</u>**

The standard for obtaining a TRO is identical to that of obtaining a preliminary injunction. <u>Martin v. Kemp</u>, 341 F. Supp. 3d 1326, 1332 (N.D. Ga. 2018) (citing <u>Windsor v. United States</u>, 379 F. App'x 912, 916-17 (11th Cir. 2010)).

The standard for obtaining a TRO is identical to that of obtaining a preliminary injunction. <u>Id.</u>; <u>see</u> <u>generally</u>, <u>Bondi,</u> 2025 U.S. Dist. LEXIS 99150.

Therefore, to convert the TRO into a preliminary injunction, Plaintiffs, as the moving party, must establish that they have a: (1) substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that the threatened injury to the movant outweighs the damage to the opposing party; and (4) that granting the injunction would not be adverse to the public interest. <u>Id.</u> (citing *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003)). The balance-of-the-harms and public

interest elements merge when the government is the party opposing the injunctive relief.  Bondi, 2025 U.S. Dist. LEXIS at 17.

## A. Likelihood of Success on the Merits - Missed 180-Day Deadline

The Eleventh Circuit instructs district courts to consider the question of whether a plaintiff has a substantial likelihood of success on the merits as "generally the most important" factor in the analysis. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1232 (11th Cir. 2005).  Bondi, 2025 U.S. Dist. LEXIS at 17-18.  Schiavo established that "[a] substantial likelihood of success on the merits requires a showing of only *likely* or probable, rather than *certain*, success." *Id. Emphasis Added.*  Bondi, 2025 U.S. Dist. LEXIS at 18.

## 1.  Failure to Timely Complete Ms. Bryant's Investigation

Paragraph (e) of 29 C.F.R. § 1614.108 states that Defendants shall complete its investigation within 180 days.  The term "shall" means this requirement is mandatory. Drummond Coal Co. v. Watt, 735 F.2d 469, 473 n.6 (11th Cir. 1984).  The facts are undisputed that the Defendants did **not** complete the investigation within 180 days.  Equally undisputed is the fact that Ms. Bryant did not agree to an extension of time. (**Compare** Ex. 1, **with** Ex. 2.)

In this case, independent and irrefutable documentation demonstrates (1) the Defendant failed to complete Ms. Bryant's investigation within 180 days (see Ex.

1.); (2) because of that failure, the Defendants sought Ms. Bryant's agreement to an extension of the time period to complete her investigation (see Ex. 1.); (3) Ms. Braynt unambitiously declined the request for an extension (see Ex. 2.); and (4) despite declining Defendants request for an extension, Defendants continued the investigation, as if Ms. Bryant agreed to an extension when, in actuality, she did not—as evidenced by the fact that Defendants sent Ms. Bryant an Election Notice, Report of Investigation and other documents. (Compare Ex. 1, with Ex. 2, with Ex. 3.)

Those indisputable facts applied to the governing regulation that prohibits the continuation of an investigation, if said investigation was not completed within 180 day, and the Complainant (Ms. Bryant) rejected an offer to extend said investigation—demonstrates without question Defendant violated Ms. Bryant rights protected by, inter alia, regulation 29 C.F.R. § 1614.108.  Consequently, Ms. Bryant's likelihood of success on the merits is astronomically high because Defendant violated clearly established law. Bondi, 2025 U.S. Dist. LEXIS at 17-18.

### 2. Doe v. Bondi and the Imperative of Procedural Adherence

In fact, in Bondi, the court enjoined agency action for failure to observe statutorily mandated procedures, explaining that "strict compliance with procedural deadlines is essential to protect individual rights and prevent irreparable harm." (slip

op. at \*2). Just as <u>Bondi</u> restored the status quo ante by compelling a prompt decision, here a TRO is warranted to compel Defendants to restore Ms. Bryant's status quo to the "last peaceable uncontested status existing between the parties before the dispute developed," which would be May 16, 2025, when Ms. Bryant declined to extend the 180-day investigative period. <u>Bondi,</u> 2025 U.S. Dist. LEXIS at 33.

Again, Ms. Bryant has a substantial likelihood of success because Defendants' missed deadline is a clear statutory violation of, inter alia, regulation 29 C.F.R. § 1614.108.

### B. Substantial Threat of Irreparable Injury

Ms. Bryant must establish that there is a threat of irreparable harm if injunctive relief is not granted, and that such harm is "harm that could not be sufficiently compensated by money damages or avoided by a later decision on the merits." <u>Canon, Inc. v. GCC Int'l, Ltd.</u>, 263 F. App'x 57, 62 (Fed. Cir. 2008). <u>Bondi,</u> 2025 U.S. Dist. LEXIS at 26.

In this case, the Defendants violation of the law has negated Ms. Bryant's right to Constitutionally-protected right to access court because she had a right to file a lawsuit after declining to extend the 180-day investigative period, yet, Defendant kept going forward with the investigation as if she agreed to an extension, when, and again, she did not.

Also, Defendants' conduct of claiming that Ms. Bryant only had until July 25, 2025 to elect to (1) proceed with an administrative judge or (2) obtain a final agency adjudication is unlawful, for reasons already described, and Defendant's unlawful conduct has been done to set Ms. Bryant up for an argument that she failed to exhaust administrative remedies because she did not elect one of those two choices. By proceeding with the investigation, while knowing they had no lawful right to proceed with said investigation, Defendant put Ms. Bryant in a "catch-me-if-you can" moment, challenging Ms. Bryant's ability to fight the legality of Defendants' conduct, which implicate resources and the will to fight. It's a transparent, unconscionable strategy, designed to negate her ability to seek redress in Federal court. These harms could not be sufficiently compensated with monetary damages or avoided by a later decision on the merits. Bondi, 2025 U.S. Dist. LEXIS at 30.

### C. Balance of Harms and Public Interest

The third and fourth preliminary injunction requirements—that the threatened injury to the movant outweighs any harm to the non-movant and that an injunction is not adverse to the public interest—merge when, as here, the government is the party opposing the motion. Bondi, 2025 U.S. Dist. LEXIS at 31.

The balance of equities and public interest favor Ms. Bryant because ensuring that Ms. Bryant's right to access courts and statutory rights under governing statutes

are protected, far outweighs any interest of Defendants being allowed to violate the clearly established law.

### D.  *Doe v. Bondi* **teaches a TRO's "very purpose"**

Doe v. Bondi teaches that a TRO's "very purpose" is to preserve "the last peaceable uncontested status existing between the parties before the dispute developed" by restoring the status quo.  Bondi, 2025 U.S. Dist. LEXIS at 33. As in Bondi—where the court reinstated a driver's license pending a hearing—restoring Plaintiff's status quo to the "last peaceable uncontested status existing between the parties before the dispute developed," which would be May 16, 2025, when Ms. Bryant declined to extend the 180-day investigative period, is lawfully justified. Id.

### CONCLUSION

Ms. Bryant respectfully requests that this Court:

1. Declare that Defendants' unilateral extension of Plaintiff's EEO investigation is unlawful under the facts of this case, pursuant to, inter alia, 29 C.F.R. § 1614.108(e);

2. Declare that Ms. Bryant has an immediate right to file a civil action regarding her claims made in her complaint before the EEO;

3. Declare that all finding made after the date--May 16, 2025—that Ms. Bryant declined to extend the subject 180-day investigative period are null and void

and that all conduct undertook after that day shall be stricken from the agency

record and not used in any capacity;

4.  Grant a TRO restoring the status quo to the "last peaceable uncontested status

    existing between the parties before the dispute developed," which would be

    May 16, 2025, when Ms. Bryan declined to extend the 180-day investigative

    period;

5.  Award attorneys' fees and costs under applicable statutes; and

6.  Grant such other and further relief as the Court deems just and proper.

Respectfully Requested: <u>August 5, 2025</u>

<u>**/s/ MARIO B. WILLIAMS**</u>
Mario B. Williams
GA Bar # 235254

**HUMANITY DIGNITY AND RIGHTS LLC**
Life Time Work - Buckhead - at Phipps Plaza
3480 Peachtree Road, NE, Second (2nd) Floor
Atlanta, Georgia 30326
Tel.: 470-257-2485
Email: mwilliams@hdrattorneys.com
*Counsel for Alexandria J. Bryant*